# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

RENDERED: SEPTEMBER 21, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-0938-WC

DATE 10/12/06 EnAGrowtHPC

DAIRY QUEEN                                                    APPELLANT

V.

APPEAL FROM COURT OF APPEALS
2005-CA-0524-WC
WORKERS' COMPENSATION NO. 03-88169

SHIRLEY NOE;
HONORABLE RICHARD M. JOINER,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                          APPELLEES

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

The AMA Guides to the Evaluation of Permanent Impairment (Guides) ranked impairments due to mental and behavioral disorders into five classes and equated each class with a range of percentage impairments until 1988, when the authors discontinued the use of percentages. Since 1996, KRS 342.730(1)(b) has based partial disability awards on a percentage of impairment as determined under the latest edition of the Guides. Noting that KRS 342.0011(1) continued to view certain psychological and psychiatric conditions as being injuries, the court determined in Knott County Nursing Home v. Wallen, 74 S.W.3d 706, 710 (Ky. 2002), that an Administrative Law Judge (ALJ) had the authority to translate a Class 1-5 impairment into a percentage, using the latest edition of the Guides that equated them.

In the present case, an ALJ relied on testimony from a psychologist (Dr. Grand) that the claimant's mental disorder caused a "moderate" impairment that approximated a 25-29% impairment under the Fourth Edition of the Guides. Although Dr. Grand did not state an impairment class, the range of percentages came within Class 3 under the last edition of the Guides that equated classes of impairment and percentages. Based on this evidence, the ALJ found that the disorder caused a 25% impairment. The Workers' Compensation Board affirmed the decision, and the Court of Appeals affirmed the Board.

Appealing, the employer asserts that under Kentucky River Enterprises, Inc. v. Elkins, 107 S.W.3d 206 (Ky. 2003), the proper interpretation of the Guides and the proper assessment of impairment are medical questions. Therefore, only a medical expert may translate a psychologist's use of the word "moderate" into an AMA impairment class and then translate the class into an impairment rating. Emphasizing that the Fourth and Fifth editions of the Guides use classes of impairment rather than percentages, the employer also asserts that Dr. Grand must have used some other, unstated, standard when assigning a range of percentages to the claimant's "moderate" impairment. Therefore, his testimony was not competent evidence upon which the ALJ could properly rely.

Having concluded that a psychologist is a medical expert regarding psychological impairment; that the Guides have equated Class 3 and "moderate" impairment at all relevant times; that the range of percentages that Dr. Grand assigned was within the range for a moderate impairment under the latest issue of the Guides that equated classes of impairment with percentages; and that the ALJ did no more than interpret Dr. Grand's testimony, we affirm.

-2-

The claimant sustained a work-related back injury. She alleged that it caused her to be depressed and sought benefits for both a mental and a physical injury. The parties submitted evidence from two experts regarding the mental injury.

The claimant submitted a Form 107-P and accompanying narrative report from Dr. Grand, who interviewed her and conducted psychological testing. Dr. Grand reported that she presented with clear and acute depression that was consistent with a major depressive episode of moderate severity. Her scores on the various tests indicated that she was neither feigning nor exaggerating her symptoms. The Form 107-P indicated that Dr. Grand diagnosed major depressive disorder, recurrent, moderate and that he related the condition to the injury. It also indicated that the condition was not due to the arousal of a pre-existing condition or congenital abnormality and that the claimant had no pre-existing, active psychological impairment. Indicating that he used Chapter 14 of the most recent edition of the Guides, Dr. Grand assigned a 25-29% impairment. The narrative portion of Dr. Grand's report stated that the claimant's "moderate" impairment approximated a 25-29% impairment under the Fourth Edition of the Guides.

Dr. Cooley, a psychiatrist, evaluated the claimant for the employer. Like Dr. Grand, he conducted psychological testing and reported that the pattern of her responses indicated an honest reporting of her symptoms. In his opinion, however, the claimant suffered from chronic pain syndrome but had no psychiatric diagnosis or psychiatric impairment.

The ALJ determined that the back injury caused an 8% impairment and that Dr. Grand's report appeared to be a better assessment of the claimant's psychological condition than Dr. Cooley's. Relying on Dr. Grand, the ALJ found that the physical

injury proximately caused a psychological condition, producing a 25% impairment. The claimant received partial disability benefits for her physical and mental injuries based on a 31% combined impairment.

KRS 342.0011(32) considers a psychologist to be a "physician" for the purposes of Chapter 342; therefore, a psychologist is a proper medical expert regarding the evaluation of impairment due to mental disorders.

In Knott County Nursing Home v. Wallen, supra, the court determined that although Chapter 342 required use of the latest edition of the Guides and although the Guides had not used percentage impairments for psychological conditions since 1988, the legislature clearly intended for certain harmful psychological changes to continue to be compensable. Affirming decisions that upheld an ALJ's finding of 25% impairment, the court determined that the finding was adequately supported by evidence of Class 3 impairment under the latest edition of the Guides and evidence of a 25% impairment, which was within the range for a Class 3 impairment under the latest edition of the Guides that equated classes of impairment with percentages. In other words, the ALJ had the authority to translate the 25% impairment to which the physician testified into a 25% impairment under the latest available edition of the Guides.

The court pointed out in Caldwell Tanks v. Roark, 104 S.W.3d 753 (Ky. 2003), that although interpreting the Guides and measuring impairment require medical expertise, reading a conversion table does not. Likewise, observing that the chapter of the Guides addressing mental disorders has consistently equated Class 3 with moderate impairment does not require medical expertise. The Fourth Edition of the Guides (Chapter 14, page 301) and the Fifth Edition (Chapter 14, page 363) contain nearly identical tables that list the five impairment classes. Both editions include the

-4-

words "moderate impairment" within the title of Class 3 and describe the impairment as being compatible with some, but not all, useful functioning. Page 301 of the Fourth Edition explains the rationale for discontinuing the use of percentages in 1988; however, it also lists the five impairment classes, by description, and includes the corresponding range of percentages from the latest edition that contained percentages. Like the tables, the list refers to the third of the five classes as "moderate impairment." The range of percentages for "moderate impairment" is 25-50%.

Contrary to the employer's assertion, we are not convinced that the ALJ invaded the province of the medical experts and interpreted the Guides when determining the extent of the claimant's impairment. It appears, instead, that the ALJ interpreted Dr. Grand's repeated use of the term "moderate" to describe the claimant's psychological impairment as being a reference to Class 3. Such an interpretation was reasonable under Chapter 14 of the Guides, and it was consistent with the fact that the range of percentages that Dr. Grand assigned was within the range for moderate impairment under the latest edition of the Guides that contained percentage impairments. Under the circumstances, substantial evidence supported the finding that the claimant's psychological condition caused a 25% impairment.

The decision of the Court of Appeals is affirmed.

Lambert, C.J., and Graves, McAnulty, Roach, Scott, and Wintersheimer, JJ., concur. Minton, J., not sitting.

-5-

COUNSEL FOR DAIRY QUEEN:

Walter E. Harding
Boehl, Stopher & Graves, LLP
2300 Aegon Center
400 West Market Street
Louisville, KY  40202


COUNSEL FOR SHIRLEY NOE:

Susan Turner Landis
Johnnie Turner
Johnnie L. Turner, PSC
P. O. Box 351
114 South First Street
Harlan, KY  40831